# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

SHAWN WAYNE WHATLEY,

    Plaintiff,

v.

DARRELL HART; RODNEY SMITH;
Exam NURSE; and MICHAEL GRIFFIN,

    Defendants.

CIVIL ACTION NO.: CV512-142

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Ware State Prison in Waycross, Georgia, and at Telfair State Prison in Helena, Georgia. Defendants Hart and Smith filed a Motion to Dismiss, and Defendant Griffin joined this Motion. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Rodney Smith and two (2) unidentified officers subjected him to an excessive use of force while he was housed at Telfair State Prison. Plaintiff also contends that, the next day, he was transferred to Ware State Prison without medical attention in an attempt to cover up the excessive use of force. Plaintiff asserts that Defendants Michael Griffin, Darrell Hart, and an unknown nurse, all of

whom are employed at Ware State Prison, were deliberately indifferent to his serious medical needs resulting from the alleged excessive use of force. Plaintiff alleges that his injuries were so severe they were clearly visible, even to a layperson, and Defendants Hart, Griffin, and the unknown nurse did nothing to help him for several days.[1]

Defendants contend that Plaintiff failed to exhaust his available administrative remedies prior to filing this cause of action. Defendants also assert that Plaintiff's Complaint should be dismissed based on his abuse of judicial process. Defendants further assert that Plaintiff fails to state a viable claim for relief against Defendant Hart.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff did not file any grievances while he was housed at Telfair State Prison, and he only filed three (3) grievances while he was housed at

---

[1] Plaintiff was directed to advise the Court of the identity of the unknown nurse and that his failure to do so could result in the dismissal of this unknown nurse as a Defendant in this case. (Doc. No. 10). Plaintiff has failed to identify this nurse, nor has she been served with a copy of Plaintiff's Complaint. Plaintiff's claims against "Exam Nurse" should be **DISMISSED**.

2

Ware State Prison. Defendants allege that those three (3) grievances did not pertain to the issues set forth in this cause of action. Defendants also allege that Plaintiff has filed numerous grievances since he arrived at Georgia Diagnostic and Classification Prison, yet Plaintiff does not complain about any excessive use of force or the deliberate indifference to serious medical needs.

Plaintiff responds that he fulfilled the requirements of the grievance process to the best of his ability. Plaintiff contends that he has not received a response to one of his grievances, even though it has been pending for over 20 months. Plaintiff also contends that, even though the Standard Operating Procedure states that an inmate can file a direct appeal to the Commissioner's Office without getting the Warden's response to a formal grievance, an appeal taken in this manner will not be accepted. Plaintiff asserts that he has filed grievances concerning the matters raised in this cause of action since he was housed at Georgia Diagnostic, which is contrary to what Defendants have claimed.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's

AO 72A
(Rev. 8/82)

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance."

AO 72A
(Rev. 8/82)

(Defs.' Exh. A-2, p. 5).[2] An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 6). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 8). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 9). These time limits can be waived for "good cause." (Id. at pp. 7, 9). In addition, an inmate can only set forth one issue per formal grievance. "Any grievance which attempts to address more than one issue or which addresses an issue not identified on the Informal Grievance will be rejected." (Id. at p. 7).

Contrary to Defendants' assertions, Plaintiff filed grievances regarding the claims set forth in this cause of action. Specifically, Plaintiff filed Informal Grievance Number 80327 on February 17, 2011, and asserted that he "requested extreme protective custody from all G.D.C. staff/employees, due to being severly (sic) beaten and transferred without treatment." (Defs.' Exh. A-4, p. 2). As relief, Plaintiff requested to be transferred to a non-State facility. This informal grievance was rejected because it contained a non-grievable issue, i.e., a transfer to a different institution. There is a handwritten notation on the response that indicates Plaintiff was given an appeal form. (Id. at p. 1). However, Plaintiff did not pursue Informal Grievance 80327 any further. (Defs.' Exh. A-3, p. 3).

---

[2] This SOP was amended with an effective date of December 10, 2012, and inmates are no longer required to file an informal grievance. (SOP IIB05-0001, p. 4) (Dec. 2012). The previous version of this SOP is relevant for this Court's purposes.

5

Plaintiff filed Formal Grievance 80940 on March 22, 2011. (Defs.' Exh. A-7, pp. 1, 3).[3] In this grievance, Plaintiff asserts that his grievances had not been processed according to policy, and he specifically mentions Informal Grievance Number 80327, in which he asserted that he was beaten by Defendant Smith and two other officers while at Telfair State Prison and then transferred without medical attention. The grievance was denied at the Warden's level and on appeal based on Plaintiff's failure to provide supporting evidence that his grievances were not being processed. (Id. at pp. 2-3). The Warden also noted that Plaintiff was seen at medical upon his arrival at the Georgia Diagnostic and Classification Prison and that there was no evidence supporting his contention that he (Plaintiff) had been beaten. (Id. at p. 2).

Plaintiff also filed Informal Grievance Number 82322, which is dated March 17, 2011, and stamped as received on March 24, 2011. In this grievance, Plaintiff asserts that, from January 12, 2011, to the present, he was severely and unjustly beaten by Defendant Smith and two (2) other officers and was transferred without medical attention. (Defs.' Exh. A-8, p. 3). The informal grievance was rejected because Plaintiff had filed another informal grievance the same week, and inmates are only permitted to file one grievance per week. (Id.). Plaintiff did not refile this informal grievance, nor did he file a formal grievance. (Defs.' Exh. A-3, p. 3).

Plaintiff initiated the grievance process on several occasions and raised his assertions regarding the claims set forth in his Complaint, as amended. However, Plaintiff failed to follow the proper procedures of the applicable Standard Operating Procedure. Plaintiff filed Informal Grievance 80327, which was rejected because he

---

[3] Defendants have provided the Court with copies of two (2) grievances bearing the number 80940. (Defs.' Exh. A-7, pp. 1, 3, 9, 11). The second of these grievances contains slightly different assertions than the first and has a different date.

grieved about a non-grievable issue, i.e., a transfer. Though Plaintiff did mention the factual assertions underlying this cause of action, which would be grievable issues, he failed to file a formal grievance on this informal grievance (despite the incomplete response from prison officials). In addition, Plaintiff listed the date of the incident as occurring on February 9, 2011, which was the date he was transferred from Ware State Prison to the Georgia Diagnostic Prison, not the date he was transferred from Telfair State Prison. (Defs.' Exh. A-1, p. 1). Plaintiff's allegations in this cause of action are that he was assaulted at Telfair State Prison and was transferred to Ware State Prison without medical attention.

Plaintiff did complete the grievance process for Grievance Number 80940; however, this grievance suffers from a flaw. Plaintiff failed to assert in the informal grievance underlying this formal grievance any allegations relating to the claims set forth in this cause of action. Plaintiff's failure to include a ground in his informal grievance would result in the rejection of that formal grievance containing that ground. (Defs.' Exh. A-2, p. 7).

Finally, Plaintiff's Informal Grievance Number 82322 was rejected because Plaintiff filed that informal grievance and Informal Grievance Number 82339 in the same calendar week. This practice is not allowed under the Standard Operating Procedure. (Id. at p. 4). Plaintiff did not file any further grievances setting forth the same claims as he does in this cause of action.

The undersigned notes Plaintiff's contention that his grievances were not processed according to the Standard Operating Procedure. This contention is belied by the evidence before the Court. Moreover, Plaintiff's informal grievances were untimely,

AO 72A
(Rev. 8/82)

and he did not seek the waiver of this time limitation. Plaintiff is well-familiar with the grievance procedures, as shown by the sheer number of grievances he has filed. He just did not comply with these procedures so that it can be said he properly exhausted his available administrative remedies. Woodford, 541 U.S. at 90-91("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceeding.").

It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)