IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SHAWN WAYNE WHATLEY,

    Plaintiff,

v.

DARRELL HART; RODNEY SMITH;
Exam NURSE; and MICHAEL GRIFFIN,

    Defendants.

CIVIL ACTION NO.: CV512-142

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff and Defendants filed Objections. Plaintiff also filed a Motion to Quash Defendants' Objections. Plaintiff's Motion is **DENIED**, and the Court will address Defendants' Objections.

Plaintiff asserts that he has tried diligently to identify the exam nurse, including initiating discovery requests. Plaintiff contends that he has obtained some documents as a result of his requests, but the exam nurse's signature is not legible. Plaintiff asserts that his claims against the exam nurse should not be dismissed. While the Court sympathizes with Plaintiff's difficulties in obtaining the exam nurse's identity, Plaintiff was warned that his failure to advise the Court of the exam nurse's identity could result in the dismissal of "Exam Nurse" as a named Defendant. Plaintiff's Objection is **overruled**. "Exam Nurse" is **DISMISSED** as a named Defendant, and Plaintiff's claims against "Exam Nurse" are **DISMISSED**, without prejudice.

Plaintiff also asserts that he did not fail to exhaust his available remedies. In support of this assertion, Plaintiff points to his Exhibits X, X1, and X2, which he filed in support of his opposition to Defendants' Motion to Dismiss. Contrary to Plaintiff's assertion, these exhibits lend no support to his contention that he properly exhausted his available administrative remedies. Exhibit X is a receipt for an informal grievance which was submitted on January 18, 2011, and concerned an incident occurring on January 12, 2011. However, this receipt contains no number or content, making it impossible to determine about what Plaintiff grieved. (Doc. No. 33, p. 49). Exhibit X1, which is presumably an appeal to the Commissioner's Office of this unnumbered informal grievance at Exhibit X, also does not contain a number. While Plaintiff mentions that he submitted an informal grievance on January 18, 2011, and alleged in that informal grievance that he was assaulted by three (3) staff members at Telfair State Prison, he admits that his appeal is untimely. (Id. at p. 52). In addition, there is no indication that Plaintiff followed the proper grievance procedures by first filing a formal grievance before he filed an appeal. The undersigned notes Plaintiff's assertion in this appeal that he had not received a response to his informal grievance, which meant that he could file an appeal with the Commissioner's Office. It appears that Plaintiff misreads the applicable Standard Operation Procedure, which allows for an appeal without a response to a formal grievance rather than an informal grievance. (Doc. No. 19, Exh. A-2, pp. 4, 6—8). Plaintiff did not exhaust his available administrative remedies. Plaintiff's Objection is **overruled**.

Defendants contend that they are objecting to the Magistrate Judge's Report to the extent it rejects arguments made in support of their Motion. Defendants specifically

2

object to the Magistrate Judge's rejection of their argument that Plaintiff failed to exhaust fully his claims. Defendants assert that they object to the portion of the Report finding that Plaintiff at least addressed his complaints relating to the alleged incident through the grievance procedures. Defendants aver that the date of the incident in Plaintiff's grievance numbered 80327 is February 9, 2011, and the date of the incident in question is January 12, 2011. Defendants state that there is nothing in this grievance which could be construed as a complaint about the alleged use of force at Telfair State Prison, which allegedly occurred a month before this grievance was filed.

A review of the Magistrate Judge's Report, in conjunction with a review of the relevant documents of record, indicates that the Magistrate Judge merely noted that Plaintiff arguably raised the issues of his Complaint during the grievance process. However, such a notation is immaterial to a finding that Plaintiff did not *properly* exhaust his available administrative remedies. Additionally, courts are, as counsel is aware, free to reject portions of a party's contentions. Defendants' Objection is **overruled**.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**, without prejudice, based on his failure to properly exhaust his available administrative remedies. The Clerk of Court is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this ___ day of _____, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA