# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

FILED
U.S. DISTRICT COURT
BRU...... DIV.
SEP 29 P 5: 09
CLERK_____

SHAWN WAYNE WHATLEY,          *
                             *
            Plaintiff,        *        CIVIL ACTION NO.: 5:12-cv-142
                             *
     v.                       *
                             *
DARRELL HART; RODNEY SMITH; and *
MICHAEL GRIFFIN,              *
                             *
                             *
            Defendants.       *

## ORDER

Presently before the Court are Plaintiff's Objections, (dkt. no. 86), to the Magistrate Judge's Report and Recommendation dated September 7, 2016, (dkt. no. 85). After an independent and *de novo* review of the entire record, the undersigned **OVERRULES** Plaintiff's Objections, concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation as the opinion of the Court.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while housed at Telfair State Prison in Helena, Georgia and Ware State Prison in Waycross, Georgia. (Dkt. No. 1.) By Order dated October 8,

2013 this Court dismissed Plaintiff's action for failure to exhaust his administrative remedies. (Dkt. No. 51.) Plaintiff appealed that decision to the United States Court of Appeals for the Eleventh Circuit, and that court reversed this Court's Order of dismissal. (Dkt. No. 69.) The Eleventh Circuit remanded the case to this Court to make factual determinations regarding Plaintiff's exhaustion of administrative remedies. (Id.) Following that remand, the Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss, based upon the factual determination that Plaintiff failed to exhaust the available administrative remedies prior to filing suit. (Dkt. No. 85, p. 1.) Plaintiff filed Objections to the Report and Recommendation. (Dkt. No. 86.)

## DISCUSSION

In his Objections, Plaintiff points out that the record contains two versions of Plaintiff's Grievance 80940, one dated March 22, 2011 and another dated April 8, 2011. He contends that the Magistrate Judge failed to specify "which Grievance #80940 [was] used to derive a judgment for dismissal of [his] claim[.]" (Id. at p. 3.) Plaintiff claims that Defendants' submission of two separate versions of Grievance 80940 bearing different dates is a "manipulative tactic used [by Defendants] to undermine this Court and divert the Court's attention away from [his] horrific beating and to support their allegation of

failure to exhaust." (Id.) However, Plaintiff does not explain how the existence of these two documents in the record "undermines" the Court or the Magistrate Judge's Report and Recommendation.

Moreover, the Magistrate Judge, echoing the Eleventh Circuit, found that Plaintiff filed Informal Grievance 80940 on March 17, 2011, Formal Grievance 80940 on March 22, 2011, and an appeal of the denial of Grievance 80940 on April 27, 2011. (Dkt. No. 85, p. 15 (quoting Dkt. No. 69, p. 16).) It is clear that the Eleventh Circuit and the Magistrate Judge considered the grievance form Plaintiff signed on March 22, 2011, (dkt. no. 19-8, p. 3), as the operative version of Formal Grievance 80940. This conclusion is logical as the Warden's response is included on the March 22, 2011, grievance form. (Id.) Further, this consideration actually gives the benefit of any dispute to Plaintiff. The grievance form signed on March 22, 2011, addresses the substance of Plaintiff's excessive force and deliberate indifference claims, while the grievance form signed on April 8, 2011 does not. (Id. at p. 12.) Furthermore, the March 22, 2011, version of the grievance would have been a timely follow up to the March 22, 2011, denial of Plaintiff's informal grievance, but the April 8, 2011, grievance would have been untimely. (See Dkt. No. 19, p. 7 (under former Standard Operating Procedure IIB05-001 an inmate dissatisfied with the

resolution of his informal grievance must file a formal grievance within five days)).

The Magistrate Judge correctly found that the Office of the Commissioner of the Georgia Department of Corrections rejected Plaintiff's Grievance 80940 based on procedural bars. Therefore, the Department did not waive those bars to Plaintiff's Grievance. Plaintiff fails to explain how the presence of another version of Grievance 80940, signed on April 8, 2011, could sway that analysis in his favor. Accordingly, the Court **OVERRULES** this objection.

Next, Plaintiff objects to the Magistrate Judge's Recommendations concerning an informal grievance he purportedly filed on January 18, 2011. First, Plaintiff asserts that the Magistrate Judge erred in concluding that the absence of the January 18, 2011, informal grievance from his grievance filing history supports a finding in Defendants' favor under the second step of Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008). Plaintiff contends that the grievances represented in his grievance filing history were filed subsequent to January 18, 2011, at different correctional facilities and, therefore, his grievance filing history does not accurately represent the grievances he filed at the time his cause of action arose. In the alternative, Plaintiff objects that this January 18, 2011, grievance fails to appear in his grievance filing history

because "a grievance deemed 'minute' is always well documented, but when a grievance of a serious [nature] is filed, the prison officials are notoriously known to 'mysteriously lose' [the] grievance[.]" (Id. at p. 6.)

This Objection as to the purported January 18, 2011, grievance merely recapitulates the arguments Plaintiff previously presented in his various response briefs. The Magistrate Judge correctly analyzed and rejected those arguments in the recent Report and Recommendation. Without rehashing the Magistrate Judge's analyses and findings, the evidence, including the record of Plaintiff's grievance filing history, indicates that Plaintiff did not actually file a grievance on January 18, 2011. Thus, the Court **OVERRULES** this Objection.

Finally, Plaintiff objects to the Magistrate Judge's recommendation, under the second Turner step, that Defendants' account of Plaintiff's grievance filing history is more credible than Plaintiff's account. Plaintiff contends that Edwina Johnson's and Donald Petrie's incorrect recitation of his inmate identification number in their declarations renders those declarations false and shows that Defendants misrepresented the facts to the Court. (Id. at p. 8.) Plaintiff also contends that Johnson's and Petrie's error shows that they researched the grievance filing history of the wrong inmate prior to their declarations and, therefore, reached incorrect conclusions

regarding his grievance filing history. A review of Johnson's and Petrie's declarations reveals that their assertions are consistent with the grievance filing history submitted to the Court, which contains Plaintiff's correct inmate identification number. Accordingly, Plaintiff's objection that Johnson and Petrie reported false information to the Court is without merit, and the Court **OVERRULES** this Objection.

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections. (Dkt. No. 86.) The Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's excessive force claim against Defendant Rodney Smith and Plaintiff's deliberate indifference claims against Defendants Darrell Hart and Michael Griffin, because Plaintiff failed to exhaust his administrative remedies as to those claims. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this _____ day of _____, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA